**SONG JIAN CHEN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 08–1090–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

114

Gang Zhou, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Petitioner Song Jian Chen, a native and citizen of the People's Republic of China, seeks review of the February 8, 2008 order of the BIA denying his motion to reopen. *In re Song Jian Chen*, No. A029 791 385 (B.I.A. Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Chen's second motion to reopen as untimely and numerically barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Chen argues that the BIA erred by relying on its precedential decisions to summarily conclude that he failed to show materially changed country conditions sufficient to excuse the time and numerical limitations for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail, as we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either *materially changed country conditions* or an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 171 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). As our review is limited to "the administrative record on which the [challenged] order of removal is based," we

decline to consider the additional evidence Chen now submits. 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007) (providing that we will not remand to the BIA for the taking of additional evidence when the regulations allow motions to reopen for that purpose).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).